IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------------ :
DELOIS RICKS                                           :
                                                       :  CASE NO. 1:06 CV 2426
                                       Plaintiff       :
                                                       :  MEMORANDUM OF OPINION AND
                          -vs-                         :  ORDER GRANTING DEFENDANTS'
                                                       :  MOTION FOR PARTIAL DISMISSAL
                                                       :
JOHN E. POTTER, et al.,                                :
                                       Defendant       :
------------------------------------------------------ :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 10 October 2006 plaintiff Delois Ricks ("Ricks") filed suit against John E. Potter, Postmaster General, and Michael Howard, individually, alleging employment discrimination in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), Chapter 4112 of the Ohio Revised Code, and 42 U.S.C. § 1983; she also included claims for breach of contract, intentional infliction of emotional distress, non-willful discrimination, willful discrimination and punitive damages. (ECF#1). On 27 February 2007, after dismissal of Michael Howard, Ms. Ricks filed an Amended Complaint naming United Postmaster General John E. Potter, United States Attorney General Alberto R. Gonzales and U.S. Attorney Gregory A. White. (ECF#5). The Amended Complaint alleged employment discrimination in violation of Title VII, the ADEA, and Chapter 4112 of the Ohio Revised Code; the

Amended complaint also includes claims for breach of contract, punitive damages and intentional infliction of emotional distress.

On 27 March 2007 defendants brought a Motion for Partial Dismissal ("Motion"). (ECF#12). Ms. Ricks filed a Plaintiff's Brief in Opposition to Defendant's Motion for Partial Dismissal ("Opposition"). (ECF #15).

For the reasons set forth below, the Court grants defendants' motion for partial dismissal.

## I. The Parties

Defendants move for dismissal of Alberto Gonzalez and Gregory A. White. Ms. Ricks acknowledges that her complaint makes no claims against Attorney General or the U.S. Attorney. (Opposition, ECF # 15, pg.2.) Defendant's motion to dismiss as to these defendants will be granted.

## II. The Claims

Arguing that Title VII and the ADEA provide the exclusive remedies for race, sex and age discrimination in federal employment, defendants request dismissal of Ms. Ricks' claims for violation of Ohio statutory law, breach of contract and intentional infliction of emotional distress. Defendants' motion to dismiss as to all claims except those under Title VII and the ADEA will be granted.

In 1976, the Supreme Court in Brown v. General Services Administration held that Title VII creates "an exclusive pre-emptive administrative and judicial scheme for the redress of federal employment discrimination" relating to race, color, religion sex or national origin. Id. at 839. See also: Davis v. Passman, 442 U.S. 228, 247.n.26 (1979) The courts have similarly held that the ADEA is the exclusive remedy for age

2

discrimination in federal employment. In 1991 the D.C. Circuit stated, "It is undisputed that the ADEA provides the exclusive remedy for a federal employee who claims age discrimination. *See Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1369 (4th Cir.) *cert.denied*, 493 U.S. 850 (1989)." Chennareddy v Bowsher, 935 F.2d 315, 318 (D.C. Cir. 1991). See also: Purtill v. Harris, 658 F.2d 134 (3rd. Cir. 1981); Paterson v. Weinberger, 644 F.2d 521 (5th Cir. 1981).

Ms. Ricks' complaint recites facts regarding her employment at the post office in paragraphs 11-30. These facts are incorporated into every cause of action of her complaint as the predicate for liability and relief. Where the same operative facts support multiple claims the statute which provides the exclusive federal remedy pre-empts the alternatives and the remaining claims should be dismissed. Mathias v. Henderson, 243 F.3d 335 (8th Cir. 2001); Pfau v. Reed, 125 F. 3d 927 (5th Cir.1997).

Because of this ruling regarding pre-emption, the Court does not reach defendants' specialized arguments regarding the dismissal of each non-Title VII and ADEA claim.

### III. Punitive Damages

Defendants request dismissal of plaintiff's claim for punitive damages. In their Motion defendants argue that punitive damages are not available against the Postal Service under Title VII, citing Robinson v. Runyon, 149 F. 3d 508, 511 (6th Cir.1998). In her Opposition, Ms. Ricks concedes this point, but contends she is entitled to punitive damages against the Postal Service under the ADEA.

Ms. Ricks argues that Congress' waiver of sovereign immunity by a "sue-and-be-sued" clause in the Postal Service charter creates liability for punitive damages. But,

3

Congress' waiver of Postal Service immunity does not answer the question of whether plaintiff is entitled to punitive damages under the ADEA. As the Supreme Court explained, determination of such an issue requires "two analytically distinct inquiries:"

> The first inquiry is whether there has been a waiver of sovereign immunity. If there has been such a waiver, as in this case, the second comes into play–that is, whether the source of substantive law upon which the claimant relies provides an avenue for relief.

Federal Deposit Ins. Corp v Meyer, 510 U.S. 471, 484 (1981). Since the substantive law upon which Ms. Ricks relies does not provide for punitive damage recovery, the fact of the sovereign immunity waiver does not create liability for these damages. Cf. Robinson v. Runyon, supra, (Postal Service's "sue-and-be-sued" clause does not create liability for punitive damages when government agency is statutorily excepted from such liability); Baker v. Runyon, 114 F.3d 668 (7th Cir. 1998)(same).

By the terms of the statute, monetary remedies under the ADEA are limited to back pay and liquidated damages. 20 U.S.C. §626 (b). Consistent with this statutory limitation, an "overwhelming majority of courts" have held that punitive damages are not recoverable under ADEA. Goico v. The Boeing Company, 347 F. Supp 2d 986, 995 (D. Kansas 2004). See, e.g.: Franzoni v Hartmarx Corp., 300 F3d. 767, 773 (7th Cir. 2002); Bruno v Western Elec. Co., 829 F.2d 957,966 (10th Cir.1987); Johnson v. AI Tech Specialties Steel Corp., 731 F.2d 143, 146-148 (2d. Cir. 1984); Pfeffer v. Essex Wire Corp., 682 F. 2d 684, 686-88 (7th Cir.) cert.denied, 459, U.S. 1039 (1982); Kelly v. American Standard, Inc., 640 F 2d 974,979 (9th Cir. 1981).

The Supreme Court considered the nature of recovery available under the ADEA when ruling on the tax consequences of an ADEA settlement in Comm. of Internal

4

Revenue v. Schleier, 515 U.S. 323 (1995). The Court stated that the ADEA provides no compensation for "traditional harms" associated with personal injury, including " pain and suffering, emotional distress, harm to reputation or other consequential damages." The Court concluded, "Monetary remedies under the ADEA are limited to back wages, which are clearly of an 'economic character,' and liquidated damages, which we have already noted serve no compensatory function." Id. at 336. Cf. Hill v. Spiegel, Inc. 708 F. 2d. 233 (6th Cir. 1983) (barring award of pain and suffering under the ADEA ).

Since neither Title VII nor the ADEA allow award of punitive damages against the Postal Service, defendants' motion to dismiss Ms. Ricks' claim for punitive damages will be granted.

### IV. CONCLUSION

For the reasons set forth above, defendants' motion for partial dismissal is granted, dismissing: (1) Alberto R. Gonzales and Gregory A. White; (2) all of Ms. Ricks' claims except those predicated upon Title VII and the ADEA; and (3) all claims for punitive damages.

IT IS SO ORDERED.

/s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 4 April 2008